# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARK J. BRADY,**

    Plaintiff,

v.                                               Case No. 18-CV-1162

**CATHY JESS, et al.,**

    Defendants.

## DECISION AND ORDER SCREENING PLAINTIFF'S COMPLAINT

    Mark J. Brady, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights. He also claims that the Wisconsin Department of Corrections ("DOC") violated the Administrative Procedure Act, 5 U.S.C. §§ 550 *et. seq*. Not all parties have had the opportunity to fully consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c). Nonetheless, I have jurisdiction to screen the complaint under the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court. This decision resolves Brady's motions to proceed without prepayment of the filing fee and screens his complaint. This decision also renders Brady's motion for a temporary restraining order moot. (Docket # 6).

    *1. Motion to Proceed without Prepayment of the Filing Fee*

    The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply

with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the prisoner pay an initial partial filing fee.

On August 16, 2018, I ordered Brady to pay an initial partial filing fee of $73.77. On August 24, 2018, Brady requested an extension, which I granted on September 4, 2018. He paid the fee on September 7, 2018. Accordingly, I will grant Brady's motion. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

*2. Screening of the Complaint*

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's

allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 2.1 Allegations in the Complaint

Brady alleges that the defendants violated his due process rights under the Fourteenth Amendment because upon his entry into the DOC on October 26, 2016, he was assigned a sex offender treatment program requirement. Brady further alleges that he has never been convicted of a sex offense but is incarcerated as a result of being convicted of operating a vehicle while intoxicated. Brady states that no court has ever required, as a condition of his sentence, to participate in a sex offender treatment program. Brady further states that he was granted at his sentencing the "earned release program" under Wis. Stat. § 973.01(3g), and that he is eligible for "positive adjustment time" under Wis. Stat. § 973.198.

On January 17, 2018, Brady had a Program Review Committee hearing. Brady alleges that at that hearing, he was denied entry in to the "earned release program" and denied a "lower classification." Brady further alleges that the only reason he was denied was because he had yet to complete the assigned sex offender treatment program. Brady also states that his procedural due process rights have been violated because he was denied an independent assessment of whether he needed sex offender treatment programming, and because the director of the Psychological Services Unit has refused to entertain any appeals regarding the sex offender treatment program requirement. Brady further claims that the DOC is violating the Administrative Procedure Act, 5 U.S.C. §§ 550 *et. seq.,* because the DOC does not have any written policy that permits the DOC to require participation of an inmate who has never been convicted of a sex offense in the sex offender treatment program.

*2.2     Analysis*

Brady argues that his due process rights were violated because when he entered prison, he was assigned sex offender treatment despite not being convicted of a sex offense. He also argues that he was denied entry into an "earned release program" and denied a lower classification because he had not completed the sex offender treatment program.

To allege a due process violation, a plaintiff must show that a state actor deprived him of a protected liberty or property interest without providing adequate process. *Salas v. Wisc. Dept. of Corrections,* 493 F. 3d 913, 927 (7th Cir. 2007). Liberty interests are "generally limited to freedom from restraint which . . . imposes [an] atypical and significant hardship on the inmate in retaliation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

Neither the U.S. Supreme Court nor the Seventh Circuit have directly addressed whether (1) liberty interests are implicated where an inmate is required to complete sex offender treatment despite not being convicted of a sex offense and (2) where the inmate's failure to complete the required treatment impacted his eligibility for early release, a reduced sentence, or a lower classification. However, Judge Crabb in the Western District of Wisconsin has addressed these issues in detail in *Grennier v. Frank*, 2005 WL 2076432, (W.D. Wis. Aug. 25, 2005), and I find her analysis persuasive.

In *Grennier*, Judge Crab analyzes three potential sources of liberty interests that could arise out of required sex offender treatment as a pre-condition to parole. First, Judge Crabb considered whether a liberty interest is implicated where the label of "sex offender" could attach to an inmate as a result of requiring sex offender treatment. *Id*. at *2 (citing *Townsend

*v. Vallas*, 256 F.3d 661 669 (7th Cir. 2001)). Judge Crabb reasoned that "merely classifying an inmate as a sex offender is insufficient to give rise to a liberty interest" because any reputational harm done by the classification must go hand-in-hand with a change in legal status. *Id*.

In Brady's case, it is unclear whether his complaint for "lower classification" references his security level (e.g. minimum, medium, maximum) or a classification of an inmate in need of sex offender treatment. Either way, Brady's legal status does not change, and so no liberty interest is implicated. He was—and still is—an inmate, and his classification has no bearing on that.

Second, Judge Crabb considered whether a liberty interest is implicated where an inmate is forced to participate in sex offender treatment even if he is not convicted of a sex offense. *Id*. Judge Crabb, quoting her previous ruling in *Jones v. Puckett*, 160 F. Supp. 2d 1016, 1023 (W.D. Wis. 2001), determined that requiring such treatment does not give rise to a liberty interest. *Id*. Judge Crabb explained a treatment requirement needs to create an "'atypical and significant hardship on the inmate.'" *Id*. (quoting Sandin 515 U.S. at 484). Judge Crabb then noted that the DOC commonly evaluates inmates for treatment needs, including sex offender treatment, regardless of the offense for which the inmate was convicted. *Id*. The DOC routinely does this because such treatment addresses the underlying problems that lead to criminal behavior. *Id*. Thus, requiring sex offender treatment is common and serves a purpose. *Id*. It does not create an "atypical and significant hardship." *Id*. Here, Brady has not alleged anything to suggest that his requirement creates an atypical and significant hardship. So, he fails to allege that a liberty interest is implicated.

Third, Judge Crabb considered whether a liberty interest is implicated where an inmate is ineligible for parole because he failed to complete the required sex offender treatment. *Id*. at *3. Noting that a state can create a liberty interest in parole by making parole mandatory in the relevant statute, she reasoned that because Wisconsin has not made parole mandatory in the relevant statute, no liberty interest attaches. *Id*. Judge Crabb found that Wisconsin's parole scheme was in fact discretionary, and "[d]iscretionary parole schemes do not create protected liberty interests." *Id*. (citing *Heidelberg v. Illinois Prisoner Review Board*, 163 F. 3d 1025, 2016 (7th Cir. 1998)). Additionally, Judge Crabb found that an inmate does not have a liberty interest where participation in a program does not automatically entitle him to immediate release from prison. *Id*. at *4.

Brady alleges that his failure to complete the requirement rendered him ineligible for the "earned release program." This program is now called the "Wisconsin Substance Abuse Program," and under the statute, eligibility for this program is discretionary. *See* Wis. Stat. § 302.05. Additionally, even if Brady did complete the required sex offender treatment program, he would not automatically be entitled to early release. The Wisconsin Substance Abuse Program contains several conditions that Brady would have to meet in addition to completing sex offender treatment before he obtained early release or a reduced sentence. *See id*. Brady, then, fails to allege that his denial of entry into the "earned release program" implicates a liberty interest because participating in the program is discretionary and completing the sex offender treatment requirement does not automatically entitle him to early release or a reduced sentence.

Again, I find Judge Crabb's analysis persuasive. Applying the same reasoning here, I find that Brady has no cognizable liberty interest under the Fourteenth Amendment upon

which defendants have infringed. As a result, his Fourteenth Amendment due process claims are dismissed for failure to state a claim for which relief can be granted.

Brady also claims that the DOC violated the Administrative Procedure Act, 5 U.S.C. §§ 550 *et. seq.* ("APA"). First, Brady did not name the DOC as a party to this suit. Second, the APA applies only to federal agencies, not state agencies. 5 U.S.C. § 551(1). The DOC is a state agency and is not subject to the APA. So, even if Brady had named the DOC as a defendant, he still could not state a claim under the APA for which relief could be granted.

**IT IS THEREFORE ORDERED** that Brady's motion for leave to proceed without prepayment of the filing fee (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

The court will document that Brady has incurred a "strike" under 28 U.S.C. § 1915(g) and will enter judgment accordingly.

**IT IS FURTHER ORDERED** that the agency having custody of Brady shall collect from his institution trust account the **$276.23** balance of the filing fee by collecting monthly payments from Brady's prison trust account in an amount equal to 20% of the preceding month's income credited to Brady's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If Brady transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with Brady remaining balance, to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Brady is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin, this 22nd day of October, 2018.

                                              BY THE COURT:

                                              *s/Nancy Joseph*
                                              NANCY JOSEPH
                                              United States Magistrate Judge